# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE WESTERN DISTRICT OF PENNSYLVANIA

***

| | |
|---|---|
| IN RE: | Case No. 14-70847-JAD |
| **Balaji Hospitality, LLC** | Chapter 11 |
| **Debtor** | |

***

| | |
|---|---|
| Bankruptcy Estate of Balaji Hospitality, LLC, by and through Balaji Hospitality, LLC, Debtor-In-Possession, | Doc. # ___ |
| Movant | Hearing Date & Time: May 20, 2015 at 10:00 a.m. |
| v. | |
| Bedford County Tax Claim Bureau; Bedford County; Bedford Area School District; Township of Bedford; Unity Bank; Jay C. Patel; Super 8 Worldwide, Inc.; and the Bedford Township Municipal Authority, | |
| Respondents | |

***

## DEBTOR-IN-POSSESSION'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF THIRD PARTY INTERESTS, LIENS, CLAIMS, CHARGES AND/OR ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b)

**COMES NOW** the Bankruptcy Estate of Balaji Hospitality, LLC, by and through its counsel, James R. Walsh, Esquire, Kevin J. Petak, Esquire and the law firm of Spence, Custer, Saylor, Wolfe and Rose, LLC, and does file the within Motion, upon a cause whereof the following is a statement, to wit:

1.  The Debtor-In-Possession, Balaji Hospitality, LLC ("Debtor"), is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania that commenced the instant case by filing a voluntary petition for relief pursuant to the provisions of Chapter ll of Title ll of the United States Code, 11 U.S.C.A. Section l0l, et seq., on December 2, 2014.

2.  This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.  Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. The Debtor remains in control of its assets and manages its affairs as a Debtor-In-Possession with all the rights and duties of such an entity pursuant to 11 U.S.C. § 1107.

5. Upon the commencement of the case, by operation of law, a Bankruptcy Estate (the "Estate") was created and continues to exist as of this date, pursuant to 11 U.S.C. §541.

6. Upon the commencement of the case, all property of the Debtor including but not limited to any interest the Debtor possessed in real property, passed to and vested in the Estate pursuant to 11 U.S.C. §541.

7. The Office of the United States Trustee has filed a notice with this Court indicating that no committee of unsecured creditors has been formed.

8. The Debtor filed the case as a "single asset real estate case" as that term is defined in Section 101(51B) of the Bankruptcy Code due to the fact that the Debtor sole asset is the real estate and improvements thereon that are the subject to the within Motion and the Debtor's sole source of income is generated from said real property.

9. Respondent, Bedford County Tax Claim Bureau ("Tax Claim Bureau"), is an entity having a mailing address of Attn: Melissa L. Border, Chief Assessor, Bedford County Office Building, First Floor, 200 South Juliana Street, Bedford, PA 15522.

10. Respondent, Bedford County ("County") is an entity having a mailing address of Attn: Kirt B. Morris, Chairman Commissioner, Third Floor, Suite 301, 200 South Juliana Street, Bedford, PA 15522.

11. Respondent, Bedford Area School District ("School District") is an entity having a mailing address of Attn: Dr. Allen Sell, Superintendent, 330 East John Street, Bedford, PA 15522.

12. Respondent, Township of Bedford ("Township") is an entity having an address of Attn: Gregory L. Crist, Chairman, 1007 Shed Road, P.O. Box 148, Bedford, PA 15522, with additional notice to Allison & Rickards, Township Solicitors, 102 West Penn Street, Bedford, PA 15522.

13. Respondent, Unity Bank ("Unity Bank") is an entity having an address for purposes of the within motion in care of Crystal H. Thornton-Illar, Esquire, Leech Tishman Fuscaldo & Lampl, LLC, 525 William Penn Place, 28th Floor, Pittsburgh, PA 15219.

14. Respondent, Super 8 Worldwide, Inc. ("Super 8"), is an entity having an address for purposes of the within motion in care of Daniel M. Eliades, Esquire, David S.

Catuogno, Esquire, Forman Holt Eliades & Youngman, LLC, 80 Route 4 East, Suite 290, Paramus, NJ 07652.

15. Respondent, Bedford Township Municipal Authority ("Municipal Authority"), is an entity with a mailing address in care of Eric Zembower, Chairman, P.O. Box 371, Bedford, PA 15522.

16. Respondent, Jay C. Patel ("J. Patel"), is an adult individual with a last known mailing address of 6154 Starburn Path, Columbia, MD 21045.

17. At the time of the commencement of the case, the Debtor was the owner of real estate and improvements thereon situate in the Township of Bedford, Bedford County, Pennsylvania, consisting of one parcel commonly known as 4498 Business Route 220, Bedford, PA 15522, which is identified in the assessment records of Bedford County as Tax Parcel No. E-8-D-4-41, Control No. 020-003368. The real estate is more fully described in the following deed of record:

   a.   Book 1182 Page 730

The above real estate will hereinafter be referred to as the "Premises."

18. Upon the commencement of the case, Debtor's management had the intent of reorganizing and proposing a Chapter 11 Plan of Reorganization to effectuate this reorganization strategy. However, management has come to the decision that the Debtor is not a viable entity going forward and as such, has file a Motion to Voluntarily Dismiss the within case which is currently pending before this Court.

19. By Order of Court dated March 13, 2015, Unity Bank sought, and this Court granted its Motion For Relief From the Automatic Stay.

20. Prior to the filing of Motion for Relief and the filing of the Debtor's Motion to Voluntarily Dismiss Case, the Debtor's management was approached, and an offer was made, to purchase the Premises subject to Bankruptcy Court approval. The Debtor and Unity Bank went back and forth in an effort to come to an Agreement of Sale which was acceptable to the Debtor, Unity Bank and the proposed purchasers.

21. As of the commencement of the case, the liens against the Premises, in the order of their priority, were:

| Rank | Lien Holder | Nature of Lien |
|---|---|---|
| 1 | Bedford County Tax Claim Bureau | Statutory lien for outstanding real estate taxes for tax years 2012-2014 |
| 2 | Bedford County | Current year real estate taxes |

| | | |
|---|---|---|
| 3 | Township of Bedford | Current year real estate taxes |
| 4 | Bedford Area School District | Current year real estate taxes |
| 5 | Unity Bank | Mortgage recorded 6/25/2007 at D.B.V. 1182 Pg. 735 in the original face amount of $1,243,000.00 |
| 6. | Jay C. Patel | Mortgage recorded 6/25/2007 at D.B.V. 1182 Pg. 771 in the original face amount of $50,000.00 |
| 7. | Jay C. Patel | Mortgage recorded 8/14/2007 at D.B.V. 1191 Pg. 143 in the original face amount of $230,000.00 |
| 8. | Bedford Township Municipal Authority | Municipal Lien filed on 12/11/2007, at No. 2007-50193, in the original face amount of $6,228.61. |
| 9 | Super 8 Worldwide, Inc. | Praecipe to File Foreign Judgment filed on 6/26/2012, at No. 2012-00737, in the original amount of $206,779.29 |
| 10 | Unity Bank | Confession of Judgment filed on 8/31/2012, at No. 2012-01052, in the original face amount of $1,175,063.61 |
| | | |

22. The Debtor has received an offer to purchase the Premises from Dhaval Patel, Rajendra Patel and Babulal Patel, 3568 Silver Ridge Court, Hermitage, Pennsylvania 16148, two adult individuals, in the amount of $775,000.00. The specific terms and conditions of the sale are set forth in the Agreement of Sale attached hereto as Exhibit "1."

23. The proposed purchasers have no relationship to the Debtor and/or the Debtor's management and/or the members of the Debtor.

24. Upon consultation and negotiation with Unity Bank, the first mortgagee of the Premises, it has agreed to accept a reduced amount on the amount due on its loan/judgment in foreclosure in order to allow the sale to proceed. The balance of its

claim, after the sale of the Premises shall be treated as a timely filed general unsecured claim not entitled to priority.

25. Said offer was obtained through the efforts of Owen Gordon of Broker's Realty, 610 Lowther Road, Lewisberry, PA 17339, the Court approved real estate broker (the "Broker"). Per the terms of the listing agreement, the Broker is entitled to a commission of 5.0% of the gross sale price. Attached hereto and marked as Exhibit "2" is a copy of the Order of Court dated March 26, 2015, approving the Estate's retention of the Broker.

26. The Debtor believes and therefore avers that the best interests of the estate and its creditors will be served by this Court, pursuant to 11 U.S.C. § 363(b), authorizing the sale of the real estate, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to those of all parties named as Respondent(s) hereto, including but not limited to the statutory liens and security interests of the Respondent(s) hereto as set forth above.

27. To assure that the sale is a sale for the market value of the real estate, higher and better offers for the same will be accepted at the time of the hearing on the proposed sale.

28. The Debtor believes and therefore avers that the aforesaid method of sale is fair and reasonable, and in the best interest of this estate, and that a higher and better price would not be obtained through continued marketing of the real estate.

29. The Debtor believes and therefore avers that the buyers to be solicited at the sale will be good faith buyers, entitled to all of the protections and benefits accorded such buyers pursuant to 11 U.S.C. § 363(m). In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d. Cir. 1986).

30. The real estate will be sold free and clear of all liens, security interests, claims, charges, interests, and all encumbrances of any kind or nature whatsoever (excepting only easements and rights-of-way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the premises would disclose), all of which shall be divested from the Premises and attach to the proceeds of the sale, in the order of their priority.

31. Except for the representations and warranties in the Quitclaim Deed, the sale of the real estate shall be a sale in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, **including but not limited to implied warranties of merchantability and/or fitness for a particular purpose (if applicable),** and the participation of the purchaser(s) in the sale process shall constitute an agreement and representation that the buyer(s) has/have inspected the Premises, and is purchasing the same solely on the basis of such inspection, and not as the result of any representation of any kind whatsoever by the Estate/Debtor, or its/their agents, except as specifically set forth herein.

32. The successful buyer(s) shall be required to deposit a deposit in the amount of $25,000.00 at the time of the approval of the sale by this Court, with the balance to be paid at closing, with all such payments to be via cash, certified check, wire transfer or such other forms of assured and guaranteed payment as may be acceptable to the Debtor's counsel, **TIME BEING OF THE ESSENCE**. Said deposit shall be refundable only as set forth in the Agreement of Sale.

33. Possession shall be delivered at closing. Closing shall occur on or before thirty (30) days after the Final Order of Court approving the sale, at a mutually agreeable time at the offices of Debtors' counsel, Ameriserv Financial Building, 216 Franklin Street, Suite 400, Johnstown, Pennsylvania 15901, or such other location as may be agreed upon by the parties.

34. Title shall be conveyed by Debtor-In-Possession's QuitClaim Deed and Quitclaim Bill of Sale, and the Debtor is, pursuant to 11 U.S.C. § 363(b), specifically authorized to convey the Premises, together with related rights of way, restrictions and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the real estate.

35. The purchaser(s) shall be deemed to have released any and all claims against the Estate/Debtor, or either of them, or that they may have, or that they may hereafter acquire against them or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statute(s) arising out of conditions in, on, or about the premises.

36. The Debtor has not promised, nor has it been promised, any consideration for the sale proposed herein, except as set forth herein.

37. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

38. In the event of the failure of the purchaser(s) to close within the required time frame, (or such extensions, not to exceed 30 days as the Debtor may accord to the purchaser(s)), for other than the inability/refusal of the Debtor to close, the Debtor may, at its option, declare a default, retain the deposit for the benefit of the estate, and re-sell the real estate, in which case the purchaser(s) shall be liable for any deficiency, unless said failure refusal to close is the result of the failure of the Debtor/estate to have complied with the terms of this Motion and related Order.

39. Any real estate transfer taxes which may become due as a result of the sale contemplated herein shall be paid equally by the buyer(s) and the Estate. At closing,

township, school district and county real estate taxes for the current year shall be pro-rated as levied by the taxing bodies.

40. The proceeds of the sale of the Premises and its fixtures shall be used as follows, to wit:

    a. First, to the costs of sale, specifically including but not limited to payment for advertising, printing, mailing and notice fees; the estate's counsel fees incurred in assisting in and negotiating the terms of the sale of the Premises and its fixtures, in filing and drafting the sale motion, representing the estate at the hearing and obtaining an order authorizing the sale, deed preparation fees and closing on the same (which fees shall be reserved for but not paid out until such fees are approved by the Court after Motion duly filed, notice and a hearing); realtor's commission (if applicable); U.S. Trustee's fees that are due and will become due upon the proceeds being distributed; and other such closing costs as may be properly incurred to effect said closing, including but not limited to the estate's share of real estate transfer taxes, delinquent real estate taxes, municipal lien letters, and the estate's pro-rata share of current real estate taxes; and

    b. Second, to lien holders in the order of priority of their liens, with undisputed amounts due upon undisputed liens to be paid at closing and the amounts due upon disputed liens or upon disputed amounts to be retained in the estate account pending a determination by the Court of the parties' rights with respect thereto.

    c. The balance of the sale proceeds shall be held by Debtor's counsel pending further Order of Court[1].

41. Upon closing of the sale contemplated herein, the above-described liens shall be permanently divested from the Premises but, will attach to the proceeds of the sale in the amounts set forth above, and said amounts shall be distributed at closing.

**WHEREFORE**, the Bankruptcy Estate, acting by and through Balaji Hospitality, LLC, as Debtor-In-Possession, respectfully requests that the Court enter an Order of Court granting the relief requested, and further, it does authorize its undersigned counsel to file the within Motion on their behalf.

    Respectfully submitted,

    SPENCE, CUSTER, SAYLOR,

---

[1] Due to the liens against the Premises as outlined in the Motion exceeding the proposed offer price, it is not anticipated that there will be any net sale proceeds.

7

                      WOLFE & ROSE, L.L.C.

By:    */s/ Kevin J. Petak*
       James R. Walsh, Esquire
       Pa. ID. # 27901
       Kevin J. Petak, Esquire
       Pa. ID. # 92154
       Ameriserv Financial Building
       216 Franklin Street, Suite 400
       P.O. Box 280
       Johnstown, PA  15907
       JWalsh@spencecuster.com
       kpetak@spencecuster.com
       Counsel for Debtor-In-Possession/Movant